
FILED
SEP 12 2013
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JORDAN LINN GRAHAM, Defendant. | MJ 13-59-M-JCL  ORDER |

Defendant Jordan Graham ("Graham") stands charged with the offense of murder in the second degree for the death of Cody L. Johnson ("Johnson") in violation of 18 U.S.C. § 1111(a) and (b) as set forth in the Criminal Complaint filed against her. The complaint was filed on September 9, 2013, and law enforcement officers arrested Graham the same day.

At Graham's initial appearance on the Criminal Complaint, the Government moved for detention under 18 U.S.C. § 3142(e) which Graham did not immediately oppose. But Graham requested a hearing be held on the issue of her release or detention. The Court conducted the hearing on September 11, 2013. At the hearing the Government presented testimony from Steven Liss, Special Agent,

1

Federal Bureau of Investigation, and Graham presented testimony from her mother, Lindy Rutledge.

Having considered the evidence and arguments presented at the detention hearing, the Court finds, for the reasons detailed below, that the Government did not sustain its burden of establishing that Graham should be detained pending further proceedings. An order imposing conditions upon her release will be filed separately.

The issue of a criminal defendant's release or detention pending trial is governed by the Bail Reform Act at 18 U.S.C. § 3142. The Act generally mandates that a defendant be released subject to conditions that will reasonably assure the defendant's appearance in court, and alleviate the risk of danger he or she poses to the community. *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). The Ninth Circuit has repeatedly reminded the district courts "of the presumption of innocence and its corollary that the right to bail should be denied only for the strongest of reasons." *Motamedi*, 767 F.2d at 1407. *See* 18 U.S.C. § 3142(j) (upholding the presumption of innocence). It is only in rare circumstances that a defendant's release should be denied, and any doubts the court may have regarding the propriety of release should be resolved in the defendant's favor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

The Bail Reform Act establishes the circumstances under which a defendant's release is permitted, and when detention is warranted. The Act requires the release of a defendant "subject to the least restrictive [ ] condition, or combination of conditions, that [the court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(c)(1)(B). *Gebro*, 948 F.2d at 1121 (stating the Act generally "requires" release). In the alternative, the court has authority to detain a criminal defendant if it determines "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community" if the defendant were released from custody. 18 U.S.C. § 3142(e).

The Government conceded during the detention hearing that Graham does not pose a risk of flight. Thus, the critical question before the Court is whether the Government has met its dual burden of establishing by clear and convincing evidence both that Graham represents a danger to the safety of other persons or the community, and that there are no conditions the Court could impose upon her release that would reasonably alleviate that danger. 18 U.S.C. § 3142(f)(2).

In determining whether there are any conditions of release that will reasonably assure the safety of other persons and the community, the Court must

3

consider the four factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the defendant; (3) Graham's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Graham's release. The weight to be accorded each of these factors rests in the Court's discretion. *United States v. Gentry*, 455 F.Supp.2d 1018, 1020 (D. Ariz. 2006).

As to the first § 3142(g) factor, because Graham is charged with murder in the second degree – a major crime of violence – this factor weighs against her release.

The second § 3142(g) factor requires consideration of the weight of the evidence against Graham. According to the charging affidavit in this case, Graham made a statement to authorities that "due to her anger, she pushed Johnson with both hands in the back and as a result, he fell face first off the cliff" to his death. Doc. 1-1, at 4. While the evidence against Graham might be considered relatively strong in light of her statement, this factor has little bearing on the issue of detention. Of all the factors to consider under § 3142(g), "the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt." *United States v. Gebro*, 948 F.2d 1118,

4

1121 (9th Cir. 1991).

Notwithstanding the seriousness of the charges and the potential weight of the evidence, the remaining § 3142(g) factors weigh heavily, and dispositively, in favor of Graham's release. The third § 3142(g) factor requires the Court to consider Graham's history and characteristics, including her "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings[.]" 18 U.S.C. § 142(g)(3)(A). The record reflects that Graham has strong family ties in the community of Kalispell, Montana, having lived there her entire life. In addition, the Pretrial Services Report proffered by Graham reflects that she has no criminal history whatsoever. Nor is there any indication that Graham has any history of drug or alcohol abuse. And importantly, there is no evidence beyond the isolated incident alleged in the Criminal Complaint that Graham has ever before exhibited tendencies for violence or even anger. This factor thus weighs in favor of release.

Finally, § 3142(g) requires the Court to consider "the nature and seriousness of the danger to any person or the community that would be posed by" Graham's release. The Government has not identified or articulated any specific danger that

Graham might pose to a particular individual or the community at large in the event that she is released.

The Government nonetheless argues that detention is warranted in light of what it characterizes as Graham's "post-crime conduct" and because she poses a danger to herself. With respect to the latter, the Government takes the position that Graham is at risk of harming herself due in large part to the emotional distress associated with allegedly having committed the crime and now facing criminal charges. For support, the Government has pointed to text messages that Graham sent to other individuals purportedly indicating that she has been upset, emotional, and possibly suicidal. The Government contends that even if Graham were placed on home arrest with an electronic monitor, those conditions would not be sufficient to protect her from herself.

Even accepting that Graham may be a danger to herself, and assuming this would be an appropriate factor for the Court to consider, the Government has not proven by clear and convincing evidence that there is no condition that could be imposed on Graham's release to alleviate that risk. To the contrary, the Bail Reform Act permits a court to impose a condition requiring the defendant to "undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if

6

required for that purpose[.]" 18 U.S.C. § 3142(c)(1)(B)(x). Thus, the Court has authority to require Graham to obtain either outpatient or inpatient professional mental health treatment, and will impose this condition on her release to alleviate any risk that she might harm herself.

The Government also asks the Court to detain Graham because of her "post-crime conduct." The Government claims that Graham has provided inconsistent statements and attempted to cover up her alleged involvement in Johnson's death. Even assuming this is true, however, it does not establish that Graham somehow presents a danger to others and the community.

In fact, the timing of the events in this case suggests otherwise. The record reflects that law enforcement interviewed Graham on July 16, 2013, at which time she stated that she pushed Johnson off a cliff in Glacier National Park. Agent Liss's testimony at the detention hearing established that as of the date of that interview, the Government was in possession of all the information set forth in the subsequent charging affidavit – information that this Court found was sufficient to support a finding of probable cause to believe Graham committed the offense of murder in the second degree. Notwithstanding the fact that the Government had all of that information by July 16, 2013, it chose not to file charges or arrest Graham until September 9, 2013. The fact that the Government waited nearly two

months before doing so suggests that it did not believe Graham posed a significant danger to the community.

The Government indicated at the detention hearing that it did not arrest or charge Graham earlier because its criminal investigation was ongoing, and it did not want to jeopardize that investigation or compromise its ability to obtain additional evidence in support of the prosecution. The Government explained, for example, that after July 16, 2013, it obtained bank records and cell phone records from cell towers. The Government also pointed to an email it believes Graham sent to a friend of hers on July 10, 2013, in an attempt to derail the criminal investigation. Sometime after July 16, 2013, investigators apparently identified the computer IP address associated with the email as that of Graham's father. While the ongoing investigation was thus fruitful in many respects, the Government did not rely on any of that additional evidence in its charging documents. The Government was certainly entitled to defer Graham's arrest in favor of continuing with its criminal investigation, but the fact that it elected to do so suggests that it did not consider her a danger to the community. The Government does not point to any evidence that Graham somehow represents more of a danger now than she did in July, at which time the Government opted to continue its investigation without arresting or charging her.

Even assuming Graham does pose some danger to the community simply by

8

virtue of the serious nature of the offense charged and the apparent weight of the evidence against her, the Government has not met its burden of proving by clear and convincing evidence that no condition or combination of conditions will protect against the danger posed by her release from custody. 18 U.S.C. § 3142(f)(2). The Government has not presented any evidence or convincing argument suggesting that a combination of conditions would not alleviate the danger Graham may pose and, therefore, it did not sustain its burden in this regard.

The order that will be entered setting the conditions of release will impose conditions that will reasonably alleviate any risk of danger that Graham may pose to the community. It is significant to note that the conditions need only "'reasonably assure,' rather than guarantee, the safety of the community." *United States v. Hir*, 517 F.3d 1081, 1092 n.9 (9th Cir. 2008).

Because the Government concedes that Graham does not pose a risk of flight, and has not met its burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community, the Court concludes that Graham must be released under authority of 18 U.S.C. § 3142(c).

IT IS SO ORDERED.

DATED this 12th day of September, 2016.

Jeremiah C. Lynch
United States Magistrate Judge